## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**VOLKSWAGEN GROUP OF AMERICA, INC.,** a New Jersey corporation,

        Plaintiff,

v.

**VDUBS ONLY, INC.,** a Texas corporation, and **PEYMAN ZAMANI,** an individual and principal of VDubs Only, Inc.,

        Defendants.

Civil Action No. 2:24-cv-11117

Honorable:

Gregory D. Phillips (P80801)
PCFB LAW
4001 South 700 East, Suite 500
Salt Lake City, Utah 84107
Tel: (801) 935-4933
Fax: (801) 935-4936
Attorneys for Plaintiff

## <u>COMPLAINT</u>

Plaintiff Volkswagen Group of America, Inc. ("Plaintiff" or "VWGoA")

alleges the following in support of its claims against defendants VDubs Only, Inc.

("VDubs Only") and Peyman Zamani ("Zamani") (collectively "Defendants"):

## <u>NATURE OF THE ACTION</u>

1. This is a complaint for infringement, false designation of origin and false advertising, cyberpiracy, and dilution of Audi's trademark AUDI® and VW's world famous trademarks VW®, V-DUB®, and the VW EMBLEM® (collectively the "Audi and VW Marks") and for related claims based on Defendants' unauthorized misappropriation of the Audi and VW Marks in its domain names *www.vdubsonly.com* and *www.vdubsonlydallas.com*, use of the phrases "VW & Audi Specialist," and use of the bastardized VW EMBLEM® on signage and otherwise as depicted below:



2. Plaintiff alleges claims for federal trademark and trade dress dilution, federal trademark infringement, false designation of origin or sponsorship, false advertising, and cyberpiracy under Sections 43(c), 32(1), 43(a), and 43(d) of the United States Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. §§ 1125(c), 1114(1), 1125(a), and 1125(d).   Plaintiff seeks a preliminary and permanent injunction preventing Defendants from using the distinctive Audi and VW Marks, an injunction transferring the domain names *www.vdubsonly.com* and

www.vdubsonlydallas.com, and any other domain names misappropriating the Audi and VW Marks, along with Plaintiff's attorney fees and costs.

## THE PARTIES

3.     Plaintiff Volkswagen Group of America, Inc. is a New Jersey corporation with a principal place of business in Auburn Hills, Michigan. VWGoA is the exclusive U.S. importer of cars manufactured by Audi AG and Volkswagen AG ("VW AG"), and VWGoA is tasked with the responsibility of protecting the trademarks of Audi AG and VW AG in the United States. Plaintiff Volkswagen Group of America, Inc., Audi AG, and VW AG are sometimes referred to herein together or individually as "Audi and VW."

4.     Defendant VDubs Only, Inc. ("VDubs Only") is a corporation existing under the laws of the State of Texas and has places of business at 10465 Shady Trail  Dallas, TX 75220 and 11616 Harry Hines Blvd, Dallas, Texas  75229.

5.     Defendant Peyman Zamani ("Zamani") is an individual and principal of defendant VDubs Only, and is a moving, conscious, and active force behind the infringing acts, and actively participated in and approved the unlawful acts of infringement by defendant VDubs Only.  Plaintiff is informed and believes that defendant Zamani resides in the Dallas area.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this lawsuit pursuant to

(a)     Judicial Code, 28 U.S.C. § 1331, relating to "federal question" jurisdiction;

(b)     Section 39 of the Lanham Act, 15 U.S.C. § 1121, giving this Court jurisdiction over all actions arising under the Lanham Act without regard to the amount in controversy;

(c)     Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), relating to the counterfeit, reproduction, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of goods;

(d)     Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a), relating to the use of false designations of origin and/or sponsorship tending falsely to describe or designate the source, and/or sponsorship of goods affecting commerce, and relating to false advertising and trade dress infringement and dilution;

(e)     Section 43(c) of the Lanham Act, 15 U.S.C., Section 1125(c), relating to dilution;

(f)     The Judicial Code, 28 U.S.C. § 1338(a), conferring on this Court jurisdiction over actions arising under federal trademark laws; and

(g)     The Judicial Code, 28 U.S.C. § 1338(b), relating to claims of unfair competition "joined with a substantial and related claim under the ... trademark laws."

7.      Defendants are subject to personal jurisdiction in this district inasmuch as this action arises out of wrongful acts committed by Defendants that are intentionally targeted at Audi and VW in this District that subject Defendants to personal jurisdiction here, and because Defendants' unlawful conduct causes harm and injury to Audi and VW in this District.  Moreover, Defendants operate interactive websites whereby Defendants market, sell, furnish, and support Audi and Volkswagen services and products throughout the United States, including the State of Michigan.

8.      Venue is proper under 28 U.S.C. § 1391.

## **FACTUAL BACKGROUND**

### *Audi's and VW's Trademark Rights*

9.      The Audi brand is one of the most successful automobile manufacturers in the entire world and is known throughout the entire world by its famous trademarks AUDI®.

10.      The Volkswagen brand is also one of the most successful automobile manufacturers in the entire world and is known throughout the world by its famous trademarks VOLKSWAGEN®, V-DUB®, and the VW EMBLEM®.

11.      Audi and VW have obtained numerous trademark registrations in the United States for the Audi and VW Marks.

12.    Audi and VW have expended many millions of dollars in advertising, promoting, enforcing, and developing the Audi and VW Marks throughout the world.  As a result of such advertising and expenditures, VW has established immeasurable goodwill in these trademarks, which are among the most well-known and valuable trademarks in the world.

13.    The Audi and VW Marks are inherently distinctive and have acquired distinctiveness as a result of the use and promotion of the trademarks worldwide.

*Defendants' Unlawful Violations of Audi's and VW's Trademark Rights*

14.    Subsequent to Audi's and VW's development and use of the Audi and VW Marks, and subsequent to their registration of the same, and without the consent of Audi and VW or their predecessors, Defendants began misappropriating and using the Audi and VW Marks, or confusingly similar versions of them, in their domain names, on their website, and in their advertising.  For example, Defendants violated the Audi and VW Marks by falsely using and advertising that they are "VW & Audi Specialists," and they use of the bastardized VW EMBLEM® on signage and otherwise as depicted below:



15.     Defendants are in no way affiliated with, authorized, or sponsored by Audi and VW and have no authority to use the Audi and VW Marks to identify their products, services, or goods they advertise, promote, or sell.

16.     Defendants have attempted to capitalize on and profit from the substantial goodwill that Audi and VW have developed in the Audi and VW Marks by using the trademarks in their domain names, falsely advertising that they are "VW & Audi Specialists," and prominently displaying a bastardized VW EMBLEM® and otherwise.

17.     Defendant's misappropriation and use of the Audi and VW Marks in conjunction with the advertisement, promotion, and sale of Defendants' products and services constitutes a misappropriation of the Audi and VW Marks and associated good will, and is likely to cause potential purchasers of Defendants' products and services, as well as the public at large, to believe that Defendants' products and services are affiliated with, authorized, sponsored by, or endorsed by VW.   In addition, Defendants' wrongful use of the Audi and VW Marks or confusingly similar versions thereof, irreparably harms VW and VW, and dilutes, tarnishes, and whittles away the distinctiveness of the Audi and VW Marks.

18.     Counsel for Plaintiff has sent Cease and Desist letters to Defendants which Defendants have ignored.  Thus, Defendants intentionally and willfully

continue to use the Audi and VW Marks with actual knowledge of Audi's and VW's prior adoption and use of the Audi and VW Marks. Defendants' conduct is intentionally fraudulent, malicious, willful, and wanton. Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## FIRST CLAIM FOR RELIEF
## (TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c))

19.     Plaintiff re-alleges and incorporates herein the allegations contained above.

20.     The Audi and VW Marks have become famous and distinctive worldwide through VW's continuous and exclusive use of the Audi and VW Marks in connection with Audi's and VW's products and services.

21.     Because Audi and VW products and services have gained a reputation for superior quality, durability, and performance, the Audi and VW Marks (which are always used in connection with Audi and VW products and services) have gained substantial renown.

22.     Defendants have willfully and intentionally misappropriated and continue to misappropriate the Audi and VW Marks, and counterfeits thereof, in connection with the advertisement, promotion, and sale of Defendants' products and services.

23.    Defendants' misappropriation of the Audi and VW Marks, and counterfeits thereof, has caused and continues to cause irreparable injury to and dilution of the Audi and VW Marks' distinctive quality in violation of Audi's and VW's rights under 15 U.S.C. § 1125(c). Defendants' wrongful use of the Audi and VW Marks dilutes, blurs, tarnishes, and whittles away the distinctiveness of the Audi and VW Marks.

24.    Defendants have misappropriated and continue to misappropriate the Audi and VW Marks or counterfeits thereof, willfully and with the intent to dilute the Audi and VW Marks, and with the intent to trade on the reputation and goodwill associated with the Audi and VW Marks.

25.    As a direct and proximate result of Defendants' unlawful conduct, VW has suffered irreparable harm to the valuable Audi and VW Marks.

26.    Unless Defendants are enjoined, the valuable Audi and VW Marks will continue to be irreparably harmed and diluted. Plaintiff has no adequate remedy at law that will compensate for the continued and irreparable harm Audi and VW will suffer if Defendants' actions are allowed to continue.

27.    Defendants have used and continue to use the Audi and VW Marks, trade dress, or counterfeits thereof, willfully and with the intent to dilute the Audi and VW Marks, and with the intent to trade on the reputation and goodwill of Audi

and VW and of the Audi and VW Marks.  Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 111(a).

28.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages to the valuable Audi and VW Marks, and other damages in an amount to be proved at trial.

## SECOND CLAIM FOR RELIEF
## (FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114)

29.     Plaintiff re-alleges and incorporates herein the allegations contained above.

30.     Plaintiff has demanded that Defendants refrain from the use of the Audi and VW Marks and counterfeits of the Audi and VW Marks as described above.  Despite Audi's and VW's well-known prior rights in the Audi and VW Marks, Defendants have used and continue to misappropriate, without Audi's and VW's authorization, the Audi and VW Marks, or counterfeits, copies, reproductions or colorable imitations thereof in connection with the advertisement, promotion, and sale of Defendants' products and services.

31.     Defendants' actions constitute willful infringement of Audi's and VW's exclusive rights in the Audi and VW Marks in violation of 15 U.S.C. § 1114.

32.     Defendants' misappropriation of the Audi and VW Marks, counterfeits, copies, reproductions, or colorable imitations thereof has been and continues to be done with the intent to cause confusion, mistake, and to deceive consumers concerning the source and/or sponsorship of Defendants' products and services.  Defendants have used counterfeits of the Audi and VW Marks in connection with its products with the knowledge that the marks are counterfeits and with the intent to use counterfeits.  Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

33.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered irreparable harm to the valuable Audi and VW Marks. Unless Defendants are restrained from further infringement of the Audi and VW Marks, Plaintiff will continue to be irreparably harmed.

34.     Plaintiff has no adequate remedy at law that will compensate Plaintiff for the continued and irreparable harm it will suffer if Defendants' acts are allowed to continue.

35.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages to the valuable Audi and VW Marks and trade dress, and other damages in an amount to be proved at trial.

## THIRD CLAIM FOR RELIEF
## (FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP AND FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a))

36.     Plaintiff re-alleges and incorporates herein the allegations contained above.

37.     Defendants have knowingly misappropriated the Audi and VW Marks, or counterfeits, reproductions, copies, or colorable imitations thereof, in connection with the products and services that Defendants manufacture, advertise, promote, and sell.  Defendants have misappropriated counterfeits of the Audi and VW Marks knowing that the marks used are counterfeits and with the intent to use counterfeits of the Audi and VW Marks.  Defendants' actions render this case exceptional within the meaning of 15 U.S.C. § 1117(a).

38.     Defendants' misappropriation of the Audi and VW Marks alleged above is likely to confuse, mislead or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendants' services and products, and is likely to cause such people to believe in error that Defendants' products and services have been authorized, sponsored, approved, endorsed, or licensed by Audi and/or VW or that Defendants are in some way affiliated with Audi and VW.

39.     Defendants' use of the phrase "Audi & VW Specialists" constitutes false advertising because it falsely conveys to the public that Audi and VW have trained and certified that they are specialists in servicing Audi and VW vehicles.

40.     Defendants' acts constitute false or misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of Defendants' goods in violation of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

41.     Because of Defendants' actions, Plaintiff has suffered irreparable harm to the valuable Audi and VW Marks.  Unless Defendants' are restrained from their actions, Plaintiff will continue to be irreparably harmed.

42.     Plaintiff has no remedy at law that will compensate for the continued and irreparable harm that will be caused if Defendants' acts are allowed to continue.

43.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages to the valuable Audi and VW Marks, and other damages in an amount to be proved at trial.

## FOURTH CLAIM FOR RELIEF
### (CYBERPIRACY)

44.     Plaintiff re-alleges and incorporates herein the allegations contained above.

45.     Defendants' actions evidence a bad faith intent to profit from the registration and/or use of the registered VW trademark V-DUB® in Internet domain names.

46.     Defendants have registered, trafficked in, and/or used a trademark that was famous at the time of registration of the domain name and was identical or confusingly similar to or dilutive of the trademark V-DUB®.

47.     Plaintiff is entitled to an injunction requiring Defendants to disclose all domain names that incorporate any of the Audi and VW Marks, or confusingly similar marks, ordering Defendants to transfer all such domain names to Plaintiff, and enjoining Defendants from using the Audi and VW Marks in the future in Internet domain names.

48.     In addition, Plaintiff is entitled to statutory damages in the amount of $100,000 per domain name pursuant to 15 U.S.C. § 1117(d) its costs and attorney fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     Under all claims for relief, that a permanent injunction be issued enjoining Defendants, their employees, agents, successors and assigns, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunctions, from:

(a)     imitating, copying, or making unauthorized use of any of the Audi and VW Marks or trade dress;

(b)     importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service or product using any simulation, reproduction, counterfeit, copy, or colorable imitation of any or all of the Audi and VW Marks or trade dress;

(c)     using any simulation, reproduction, counterfeit, copy or colorable imitation of the Audi and VW Marks or trade dress in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any service or product;

(d)     using any false designation of origin or false description or false advertising (including, without limitation, any letters or symbols constituting the Audi and VW Marks, or performing any act, which can, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed or sold by Defendants is in any manner associated or connected with Audi and/or VW, or the Audi and VW Marks, or is sold, manufactured, licensed, sponsored, approved or authorized by Audi or VW;

(e)     transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in Defendants' possession, custody or control

bearing a design or mark substantially identical to any or all of the Audi and VW Marks or trade dress;

(f)     engaging in any other activity constituting unfair competition with Audi and VW with respect to the Audi and VW Marks, or constituting an infringement of any or all of the Audi and VW Marks, or of Audi's and VW's rights in, or to use or exploit, any or all of the Audi and VW Marks; and

(g)     instructing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

2.     For an order directing that Defendants deliver for destruction all unauthorized products, labels, tags, signs, prints, packages, videos, and advertisements in their possession or under their control, bearing or using any or all of the Audi and VW Marks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of making the same, pursuant to 15 U.S.C. § 1118.

3.     Under Plaintiff's claims for Cyberpiracy, that Defendants, and all of their agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who receive actual notice of the injunction, be temporarily, preliminarily, and permanently enjoined as follows:

(a)     That Defendants be enjoined from registering, maintaining

registrations for, using, offering for sale, claiming ownership of, or in any other way using any domain names that use names, words, designations, or other symbols confusingly similar to the Audi and VW Marks;

(b)     That Defendants be ordered to disclose to the Court and to Plaintiff all other domain name registrations directly or indirectly owned or registered by Defendants in order to permit the Court and Plaintiff to consider whether any such other registration should be transferred to Plaintiff or be subject to other relief in this matter; and

(c)     That Defendants be ordered to transfer to Plaintiff the registrations for the domain names *www.vdubsonly.com* and *www.vdubsonlydallas.com* as well as any other domain names that use names, words, designations, or other symbols confusingly similar to the Audi and VW Marks.

4.     For an order directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted by Defendants is authorized by Audi or VW or related in any way to Audi's and VW's products or services.

5.     For an order directing that Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of such judgment, a

report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the above.

6.    For an order permitting Plaintiff, and auditors for Plaintiff, to audit and inspect the books and records of Defendants for a period of six months after entry of final relief in this matter to determine the scope of Defendants' past use of the Audi and VW Marks, including all revenues and sales related to Defendants' use of the Audi and VW Marks, as well as Defendants' compliance with orders of this Court.

7.    For an award of Plaintiff's costs and disbursements incurred in this action, including Plaintiff's reasonable attorney fees.

8.    For an award of Plaintiff's damages trebled or, alternatively, an award of Defendants' wrongful profits trebled, whichever is greater, plus Plaintiff's costs and attorney fees, pursuant to 15 U.S.C. § 1117.

9.    For an award of statutory damages of $100,000.00 per domain name pursuant to 15 U.S.C. § 1117(d) plus Plaintiff's attorneys' fees and costs.

10.    For an award of Plaintiff's damages arising out of Defendants' acts;

11.    For an order requiring Defendants to file with the Court and provide to Plaintiff an accounting of all sales and profits realized by Defendants through the use of the Audi and VW Marks and any counterfeits thereof.

12.     For an award of interest, including pre-judgment interest on the foregoing sums.

13.     For such other and further relief as the Court may deem just and proper.

DATED:  April 26, 2024

PCFB LAW

By /S/   GREGORY D. PHILLIPS
     Gregory D. Phillips
     Attorneys for Plaintiff
     VOLKSWAGEN GROUP OF
     AMERICA, INC.